UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Bouazza Ouaziz,

                              Plaintiff,             **MEMORANDUM & ORDER**
                                                                          22-CV-06934 (DG) (MMH)

        -against-

Yvette Clarke, *et al.*,

                              Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On November 14, 2022, Plaintiff Bouazza Ouaziz, proceeding *pro se*, commenced this action against more than twenty named defendants and various unnamed defendants. *See* Complaint, ECF No. 1. On December 10, 2024, Magistrate Judge Marcia M. Henry issued an Amended *Sua Sponte* Report and Recommendation ("R&R") recommending that the Complaint be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See generally* R&R, ECF No. 35 (concluding that "Plaintiff has failed to timely serve the Defendants, and has not shown good cause why he has failed to do so"). The issuance of the R&R followed the issuance of several orders by Judge Henry related to service deficiencies. *See* February 14, 2023 Order; March 22, 2023 Order; March 4, 2024 Order.[1]

       On December 23, 2024, Plaintiff timely filed objections to the R&R. *See* ECF No. 36. Plaintiff's objections filing consists of a document styled "objection to magistare judge order" as well as various other documents and photographs – the relevance and/or import of many of which is not evident. *See* ECF No. 36.[2] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

[2] In quoting from Plaintiff's filings, the Court retains the original spelling and capitalization.

In Plaintiff's objections filing – which lacks clarity – Plaintiff raises four objections, which are set forth in their entirety as follows:

First objection:

> 1. plaintiff have served defendant New York city properly s via mail and personal service to law department 100 church street new York new York
>
> 2. plaintiff have sued optimum entity and have served its chief executive Timothy Cawley
>
> 3. plaintiff sued coney island hospital and served its Svetlana lipyanskya as chief executive of coney island hospital
>
> 4. plaintiff have served defendant Tanushi sedjui and his wife fitor sedjui (nick name is betoch)
>
> 5. plaintiff searched mister Wahba and hired investigator and couldn't found his address probably illegal immigrant
>
> Plaintiff have mailed a summons and complaint after have been served

*See* ECF No. 36 at 8.

Second objection:

> 1. Plaintiff hired process server and served defendants David manger of Lilmor management LLc, served Orlando Ross, Gregory Gorodetsky, Gregory Gieldman, caroline cohen, Wael El Wadary, Jassica s. tish, Police officer De Rosa, ariel Duran, Erin J. Brum, Robert Rodriguez, Keechant sewell, chief executive of best western hotel on behalf of best western hotel, sevetlana lipyanskaya chief executive of behalf of coney island hospital, Dennis Mathew chief executive of behalf of consolidated Con Edison, and mailed them and summons and complaint

*See* ECF No. 36 at 8-9.

Third objection:

> Plaintiff hired server of process and served Chief executive on behalf of their corporate defendant,. Lilmor management LLc, cConsolidated ConEdison company, Best western hotel, Gregory gorodetsky law firm,

*See* ECF No. 36 at 9.

2

>Fourth objection:
>
>>Plaintiff hired process server and attempt to serve defendant Kathrine chung and dimitry Kolker, Richard taylor,, and the summons and complaint have been posted and Kathrine Chung filed motion to dismiss. timothy Taylor and Eli Slavin have served personally, and have served Rivera manger of post office in bath avenue
>>
>>Whoever none of defendants answered and or file motion to dismiss based on improper service and none of them requested copy of complaints

*See* ECF No. 36 at 9.

On December 27, 2024, Plaintiff filed a document styled "amended proof of service" along with various documents purporting to demonstrate service and/or attempts at service. *See generally* ECF No. 37.

No Defendant filed an objection to the R&R. *See generally* docket. Defendants New York City, Keechant Sewell, and Jessica Tisch (collectively, the "City Defendants") did, however, file a response to Plaintiff's objections filing and a response to Plaintiff's December 27, 2024 filing. *See* ECF Nos. 38, 39. In their response to Plaintiff's objections filing, the City Defendants argue that the Court's review of the R&R should be for clear error and that the Court should "accept the December 10, 2024 R&R insofar as it relates to the City and all of the individual municipal defendants" and "disregard plaintiff's objections in their entirety." *See* ECF No. 38. In their response to Plaintiff's December 27, 2024 filing, the City Defendants argue that the "Amended Proof of Service should be disregarded in its entirety because: (i) it is improper as an objection to the R&R and/or as a standalone filing; and (ii) even if the Court did consider its contents, it is deficient, like plaintiff's previous proofs of service, under FRCP 4." *See* ECF No. 39.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

3

72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's *pro se* status and out of an abundance of caution, the Court reviews *de novo* the R&R. Upon review of the R&R, the applicable law, and the record, the Court concludes that Plaintiff has failed to timely serve Defendants and has not shown good cause for the failure. The Court therefore adopts the R&R's recommendation that Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice.[3]

---

[3] Defendants Gregory Gorodetsky and Gregory Gorodetsky Law Firm filed an Answer and Counterclaims, in which they asserted, *inter alia*, five counterclaims and an affirmative defense of improper service (the "Fifth Complete Affirmative Defense"). *See generally* ECF No. 7; *see also* R&R at 8 n.3. The counterclaims are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over those claims, which are brought pursuant to state law and over which the Court does not appear to have original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025).

\* \* \*

As set forth above, Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice. *See* Fed. R. Civ. P. 4(m).[4]  Also as set forth above, the Court declines to exercise supplemental jurisdiction over the counterclaims brought by Defendants Gregory Gorodetsky and Gregory Gorodetsky Law Firm and those claims are DISMISSED without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close the case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                                        */s/ Diane Gujarati*
                                                                        DIANE GUJARATI
                                                                        United States District Judge

Dated: April 7, 2025
       Brooklyn, New York

---

In light of the dismissal of the claims and counterclaims, any request contained in Plaintiff's filing at ECF No. 26 – which, like Plaintiff's other filings, lacks clarity – is denied.

[4]  Although dismissal of the Complaint is pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court notes that the Complaint likely fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure and arguably is frivolous.  *See* Fed. R. Civ. P. 8(a) (providing in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).